FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   AUG 19 2024   ★

LONG ISLAND OFFICE

RECEIVED
AUG 19 2024
EDNY PRO SE OFFICE

REC'D IN PRO SE OFFICE
AUG 19 '24 AM11:49

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

EMANUEL STRONG;

　　　　　　　　　　　　Plaintiff,

　　　-against-

99 RANDALL AVENUE OWNERS CORP.;
JOSEPH CUTRONE; MARTIN FEINMAN;
ANGELA RIBAUDO; BENJAMIN MELENDEZ;
TIFFANY ISREAL; CYNTHIA BAPTISTE;
ERIC HARNISEN; MITCHELL BATTS;
LORENZO PORTES; TOPPER REALTY CORP.;
MARILYN TOPPER; BRIAN TOPPER, ESQ.;
ANGIE VASQUEZ; DAVE SOREN; SCHNEIDER
BUCHEL LLP; MARK SCHNEIDER ESQ.; RYAN
HERSH, ESQ.; THOMAS A. BIZZARO JR., ESQ.;
JOSEPH RANDANO, ESQ.; EINSIDLER
MANAGEMENT, INC.; RICHARD SHYMAN;
and JOHN HANSEN

　　　　　　　　　　　　Defendants,

-------------------------------------------------------------------X

CASE

**CV 24 5782**

**COMPLAINT**

**GUJARATI, J.**

JURY DEMANDED

**DUNST, M.J.**

The Plaintiff, EMANUEL STRONG, files this federal complaint, Pro se, against

defendants 99 RANDALL AVE OWNERS CORP.; JOSEPH CUTRONE; MARTIN FEINMAN;

ANGELA RIBAUDO; BENJAMIN MELENDEZ; CYNTHIA BAPTISTE; TIFFANY ISREAL;

ERIC HARNISEN; MITCHELL BATTS; LORENZO PORTES; TOPPER REALTY CORP.;

MARILYN TOPPER; BRIAN TOPPER, ESQ.; ANGIE VASQUEZ; DAVE SOREN;

SCHNEIDER BUCHEL LLP; MARK SCHNEIDER, ESQ.; RYAN HERSH, ESQ.; THOMAS A.

BIZZARO JR., ESQ.; JOSEPH RANDANO, ESQ.; EINSIDLER MANAGEMENT, INC.;

RICHARD SHYMAN; and JOHN HANSEN.

**PRELIMINARY STATEMENT**

This is a federal civil rights and constructive fraud action about the deliberate breach of contractual obligations, fiduciary duties, and intent to defraud shareholders that resulted in Plaintiff EMANUEL STRONG and his family being subjected to repeated acts of racial discrimination, fraud, hostile verbal abuse, threats, violence, racial verbal abuse, slander, disparate treatment, false statements, misrepresentation, fraudulent complaints, defamation, destruction of personal property, deprivation of repairs, heat, gas, water, service and accommodations, and wrongfully evicted caused by defendants 99 RANDALL AVE OWNERS CORP.; JOSEPH CUTRONE; MARTIN FEINMAN; ANGELA RIBAUDO; BENJAMIN MELENDEZ; CYNTHIA BAPTISTE; TIFFANY ISREAL; ERIC HARNISEN; MITCHELL BATTS; LORENZO PORTES; TOPPER REALTY CORP.; MARILYN TOPPER; BRIAN TOPPER; ESQ.; ANGIE VASQUEZ; DAVE SOREN; SCHNEIDER BUCHEL LLP, MARK SCHNEIDER ESQ.; RYAN HERSH, ESQ.; THOMAS A. BIZZARO; JR. ESQ.; JOSEPH RANDANO, ESQ.; EINSIDLER MANAGEMENT, INC.; RICHARD SHYMAN; and JOHN HANSEN.

The cooperative 99 RANDALL AVE OWNERS CORP. cost to shareholders was well below the cost to other residence in greater New York, and Mr. FEINMAN entered this cooperative community with mission and scheme to gain shareholder accomplices to commit fraud against and to formally repossess real property from their fellow shareholders, at no cost, by means of fraud and falsely accusing innocent shareholders of objectionable conduct. Although, Mr. FEINMAN had a fiduciary duty, he abused his authority for opportunity to profit.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over these claims pursuant to 42 U.S.C. §§ 3604, 3613 and 3617, 42 U.S.C. 1983, First Amendment freedom of speech, CPLR §§ 3016(a) and (b), and New York Real Property Law (RPP) §§ 230 and 223-b.

2

2.      The venue is proper to this Court because all matters in this complaint took place in Nassau County, New York pursuant to 28 U.S.C. § 1391.

3.      Court may issue declaratory relief pursuant to 28 U.S.C. § 2202 and CPLR 302.

4.      Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. 1367 and 42 U.S.C. 1981.

5.      On or about August 11, 2023, Plaintiff EMANUEL STRONG filed a Charge of Discrimination complaint with the New York State Division of Human Rights and with United States Department of Housing and Urban Development.

## PLAINTIFF

6.      Plaintiff EMANUEL STRONG was a shareholder of the defendant 99 RANDALL AVENUE OWNERS CORP.

## DEFENDANTS

7.      Defendant 99 RANDALL AVENUE OWNERS CORP., ("99 RAOC"), is a cooperative corporation registered in the State of New York and is owner of the property located at 99 Randall Avenue, Freeport, New York 11520.

8.      Defendant JOSEPH CUTRONE, also known as JOE CUTRONE, is a shareholder, a resident and president of the board of directors ("Board") of defendant 99 RAOC.

9.      Defendant MARTIN FEINMAN, also known as Marty Feinman, is a shareholder, a resident and a board member of defendant 99 RAOC.

10.      Defendant ANGELA RIBAUDO is a shareholder, a resident and a board member of defendant 99 RAOC.

11.      Defendant BENJAMIN MELENDEZ is a shareholder, a resident and a board member of defendant 99 RAOC.

12.     Defendant CYNTHIA BAPTISTE was a shareholder, a resident and a board member of defendant 99 RAOC.

13.     Defendant TIFFANY ISRAEL was a shareholder, a resident and a board member of defendant 99 RAOC.

14.     Defendant ERIC HARNISCH was a shareholder, a resident and a board member of defendant 99 RAOC.

15.     Defendant MITCHELL BATTS was a shareholder, a resident and a board director of defendant 99 RAOC.

16.     Defendant LORENZO PORTES was a superintendent of defendant 99 RAOC, between the spring 2018 and November.

17.     Defendant TOPPER REALTY CORP. ("TOPPER REALTY") is a real estate brokerage corporation registered in the State of New York and was a real estate broker for defendant 99 RAOC and its shareholders.

18.     TRC Property Management ("TRC") is a prominent DBA of defendant TOPPER REALTY, not registered in the State of New York.   TRC was the documented property management company for defendant 99 RAOC, between the summer of 2017 and October of 2022.

19.     Defendant MARILYN TOPPER is president of defendant TOPPER REALTY and TRC.  She was a senior property managing agent for defendant 99 RAOC.

20.     Defendant BRIAN TOPPER is a supervisor for defendant TOPPER REALTY and TRC.  He was a property managing agent for defendant 99 RAOC.

21.     Defendant ANGIE VASQUEZ is an employee of defendant TOPPER REALTY and TRC.  She was a property managing agent and real estate agent for defendant 99 RAOC and its shareholders.

22.     Defendant DAVE SOREN is an employee of defendant TOPPER REALTY and TRC. He was a property managing agent for defendant 99 RAOC.

23.     Defendant SCHNEIDER BUCHEL LLP ("SB LLP") is a law practice firm and is the legal representation for defendant 99 RAOC.

24.     Defendant MARK SCHNEIDER is an attorney and partner of defendant SB LLP and is the lawyer for 99 RAOC.

25.     Defendant THOMAS A. BIZZARO, JR. was an attorney employed by defendant SB LLP and had represented defendant 99 RAOC.

26.     Defendant JOSEPH RANDANO was an attorney employed by defendant SB LLP and had represented defendant 99 RAOC.

27.     Defendant RYAN HERSH is an attorney employed by defendant SB LLP and has represented defendant 99 RAOC.

28.     Defendant EINSIDLER MANAGEMENT, INC. ("EINSIDLER") is a property management corporation registered in the State of New York and is the property managing company for defendant 99 RAOC.

29.     Defendant JOHN HANSEN is employee of Defendant EINSIDLER and is a property manager for defendant 99 RAOC.

30.     Defendant RICHARD SHYMAN is employee of defendant EINSIDLER and is a property manager for defendant 99 RAOC.

## **BACKGROUND**

31.     In December 2002, Plaintiff EMANUEL STRONG and spouse Deidre Strong, purchased shares from and signed a proprietary lease agreement with defendant 99 RAOC.

32.     Between December 2002 and April 2024, Plaintiff and wife resided at 99 Randall Avenue, Apartment 4P, Freeport, New York 11520 ("Premises") with their two children.

33.     Between December 2002 and January 2015, Plaintiff and his family enjoyed all the rights and benefits of the lease, bylaws and house rules (combined, known as the "governing documents") from defendant 99 RAOC, same as all shareholders and/or tenants.

34.     The property consisted of ninety (90) apartments, an indoor pool, 2 indoor parking garages, parking lot, a gathering room, sitting lobby, 3 storage rooms, and two outside sitting areas.

35.     Prior to December 2014, Jonathan Raddock represented Raddock Family Trust, the cooperative sponsor of 99 RAOC, and he was the Board secretary and property managing agent.

36.     Under the guidance of Mr. Raddock as managing agent and secretary of the board, he assured that: (i) shareholders had equal rights; (ii) Board executed shareholder majority decisions; (ii) tenants had equal treatment; (iii) Board complied with law and obligations; (iv) Board disclosed financial and operational information voluntarily and by question; (v) repairs were immediate; and (vi) shareholders received Board's monthly meeting minutes by mail.

37.     Shareholder elections, under the guidance of Mr. Raddock: (i) all shareholders ballots were distributed to shareholders simultaneously; (ii) the ballots were counted in front of the shareholders; and (iii) the election tally was apprised to all shareholders.

38.     In the spring of 2015, Raddock Family Trust sold its unsold shares of 99 RAOC to 99 Randall Avenue LLC, a subsidiary of Herbert Slepoy Corporation, managed and owned by Andrew Slepoy and Kent Leffel. The unsold shares consisted of 17 apartments, that amounted to approximately 19 percent of all outstanding shares.

39.     Beginning in summer of 2015, 99 RAOC operation changed gradually and drastically from legally proper and accustomed practices. New practices included but not limited

to: (i) the property management controlled shareholder meetings; (ii) the property management denied shareholder majority demands; (iii) shareholders and/or tenants were not afforded equal treatment and/or access to parking, storage, pool, repairs, Board considerations, security, monthly Board meeting minutes, etc.; (iv) election ballots were not distributed or collected simultaneously; (v) property management voted as poxy; (vi) the election tally was conducted outside shareholder view; and (vi) the election tally results were confidential.

## Unethical Changes Were Derived from Defendant MARTIN FEINMAN

40.     About the fall of 2014, MARTIN FEINMAN, a senior citizen retired from Morgan Stanley, and his wife acquired shares and residency of 99 RAOC. He was purportedly elected to Board in November 2016.

41.     Between 2015 and 2017, Mr. FEINMAN openly and continuedly voiced extraordinary claims.  He boasted that: his worth was over $100 millions; he had advanced investment, arbitrage trading and insurance manipulation experience; the Board gained new authority; he was responsible for all abovementioned ideas; and he had a close relationship with Mr. Slepoy and Mr. Leffel.

42.     Once elected as board member, Mr. FEINMAN increased his provocative statements, such as "contractors have given bags of money under table", "we are giving the power to the property managers", and "we have the power to remove anybody for anything". He worsen after Plaintiff warned that fiduciary misconduct would be challenged, spring 2017.

43.     On or about September 20, 2017, Mr. FEINMAN filed a false police report defaming Plaintiff of baseless claims that alleged in a single person spaced laundry room, the unfamiliar Plaintiff approached Mr. FEINMAN, made racist comments, threats and bumped his shoulder into Mr. FEINMAN's chest, without cause. All accusations were exceptional frivolous,

as Plaintiff regularly visited Mr. FEINMAN in his apartment; the chest bump was physical impossible due height and body shape; and Plaintiff understood that Mr. FEINMAN had surgery.

44.     Throughout Mr. FEINMAN's residency and board position, he had made numerous false and fraudulent claims, and misrepresentations against Plaintiff and his family, similar to the false police report, to deliberately dimmish the household's reputation and to deliberately antagonize the family to violence.

**Starting in 2015, Property Management Companies Gained Unauthorize Powers Against Shareholder Interest and Intentionally Breached Contractual Obligations**

45.     Between about December 2014 and June 2017, Barrier Beach Management, Corp. ("Barrier Beach") was the property managing company for 99 RAOC. Jamie Shaw was the property managing agent and owner for that company.

46.     In spring and summer 2015, Plaintiff's vehicles were vandalized with dents and scratches while parked in 99 RAO lot, and Plaintiff's shed was broken with henges ripped off in storage room.  Mr. Shaw denied Plaintiff access to video surveillance, entitled to all tenants.

47.     In the summer 2015, Plaintiff's master bedroom floor dipped and began leaning. Plaintiff demanded repairs repeatedly by email, phone, letter and in person with Mr. Shaw, Mr. BATTS, Mr. CUTRONE and other board members but received false promises.

48.     In the fall 2015, a steel beam broken through the Plaintiff's bathroom walls, and continued to protrude out of the wall with great difficulty to remove. The walls suffered large cracks, measuring approximately 5 feet in length and as much as 1½ inches wide. Plaintiff demanded repairs repeatedly, by email, phone letter and in person with Mr. Shaw, Mr. BATTS, Mr. CUTRONE and other board members but received false promises.

49.     At the November 2015 shareholder meeting, Mr. BATTS, Mr. CUTRONE and Board gave Mr. Shaw complete control of the meeting and election.  During the meeting, Mr.

Shaw: (i) denied a shareholder majority to terminate pool fees; (ii) denied Board to engagement; (iii) withheld financial and operational information; (iv) modify the shareholder elections without consent; (v) removed election tally from shareholder view; and (vi) denied election tally results.

50.    In January 2016, Plaintiff challenged the election and Board's authority to empower a property managing agent to powers above shareholders, not authorized by governing documents. In response, Board threatened to sue Plaintiff and Mr. Shaw was openly hostile to Plaintiff.

51.    Mr. Shaw denied Plaintiff of Board monthly meeting minutes and in spring 2016, Mr. Shaw trespassed Plaintiff for visiting Barrier Beach's office to observe the documents.

52.    The same practices of the 2016 annual shareholders meeting, repeated at the 2017 annual shareholders meeting, the property managing contractor is managing the shareholders.

53.    At the June 2017 semi-annual shareholder meeting, Board explained that Mr. Shaw purchased shares of 99 RAOC from a foreclosure without Board authorization. Barrier Beach Management, Corp. contract was terminated by shareholder demand and vote.

### Unethical Practices Evolved with Employment of the Unregistered
### TRC that managed Shareholders, Not the Property

54.    Between about July 2017 and October 2022, TRC was the property management company of 99 RAOC and TOPPER REALTY was the primary real estate marketing company employed by Board and many shareholders.  MARILYN TOPPER, BRIAN TOPPER, ESQ.; ANGIE VASQUEZ; DAVE SOREN controlled, managed, operated and/or profited all parts of both TRC and TOPPER REALTY simultaneously.  TRC has never been registered and improperly operates as a property management company in the State of New York.

55.    During TRC's tenure, the company never acted lawfully or in good faith, led by BRIAN TOPPER, who had: (i) engaged in frauds; (ii) aided uncontrollable spending; (iii) denied

financial access; (iv) repeatedly shut off utilities; (e) voted as proxy; (f) condoned violence and wrongful eviction against Plaintiff; and (f) stewed false claims and statements.

56.     Board increased application fees and service fees for exchange of shares.

57.     JOSEPH CUTRONE; MARTIN FEINMAN; ANGELA RIBAUDO; CYNTHIA BAPTISTE; MITCHELL BATTS and TRC intentional engage in deplorable conduct against shareholders because BRIAN TOPPER, ESQ. illegitimately voted proxy in shareholder elections, audited elections, denied tally results and profited off the shareholder transfer of shares.

58.     At the 2017 annual shareholders meeting, TRC continued all acts done by Jamie Shaw but Mr. TOPPER, ESQ. admitted that he altered election rules without acknowledgement and corrected shareholder "mistakes" and selections made on ballots.  Plaintiff challenged the election and demanded tally results, which Mr. TOPPER, ESQ., not Board, blocked and denied.

59.     In January 2018, TRC alleged that Plaintiff's programmed automatic monthly payment wasn't received and demanded $50 late-fee and $25 bounce-check fine, in disregard of the timeliness the bank mailed payment.  TRC suggested convoluted solutions to discredit bank, but Bank suggested reimbursement, which ended needless illogical controversy with TRC.

60.     In fall 2018, Plaintiff repeatedly and continuously demanded repairs for the worsening unbalanced master bedroom floor, the steel beam protruding out bathroom wall, cracks and other minor damages.  TRC and Board repeatedly made unfulfilled promises.

61.     In the April 2018 Board monthly minutes, a new shareholder met with Board suggesting that 99 RAO charged a $10,000 fee at her closing.  It was not resolved.

62.     In April 2018, the elevators were shut down for two weeks. Board declared that the elevator shaft required replacement, suggested by Architect Michael Notaro, MVN Architect LLC.

The relationship between Michael Notaro and Board dissolved, no repairs was made to elevation shaft, but the requirement vanished.  It was an example of Board's dishonesty.

### TRC and Board Defrauded Plaintiff and Plaintiff's Securing Party

63.     In November 2017, ANGELA RIBAUDO, who resided directly beneath Plaintiff, informed Plaintiff that JOSEPH CUTRONE; MARTIN FEINMAN; CYNTHIA BAPTISTE; and MITCHELL BATTS planned to make rules to harm Plaintiff, and stated "if you can't follow the rules, you have to get out.".  Plaintiff responded to Ms. RIBAUDO with "the Board is no place for vendettas".

64.     In November 2017, Plaintiff received revised house rules that titled boldly "TRC Property Management" above 99 RAO name.  A rule banning that washing machines was added.

65.     In January 2018, TRC conspired with JOSEPH CUTRONE; MARTIN FEINMAN; ANGELA RIBAUDO; CYNTHIA BAPTISTE; and MITCHELL BATTS to impose a $25 per day fine for Plaintiff's possession of washer/dryer unit, authorized and installed by Board in 2005.  The $25 per day fine was not authorized in the governing documents.  The house rules authorized a $250 fine for breach of house rules.

66.     Plaintiff repeatedly demanded entitled meeting with Board, refused payment and refuted the legitimacy of the fines. Board denied Plaintiff a written response and meeting.

67.     In February 2018, board member Norman Fidelman expressed that Board and BRIAN TOPPER plotted to evict and charge Plaintiff upwards of $10,000 in fines.

68.     On March 9, 2018, Plaintiff emailed TRC to speak to the attorney of 99 RAO, which BRIAN TOPPER, ESQ claimed to be the attorney of 99 RAO.

69. In June 2018, BRIAN TOPPER, ESQ sent demand notice to Plaintiff's securing party, JP Morgan Chase Bank ("Chase"), for payments for the fines, without Plaintiff's knowledge or court order judgement. BRIAN TOPPER, ESQ requested sum of $7,850 in fines and fees.

70. Without Plaintiff's knowledge, Chase Bank tendered payments to 99 RAO for sums $3,899.80 on July 30, 2018, and $2,579.90 on September 25, 2018, for disputed fines.

### Board Employed Superintendent LORENZO PORTES to Harass Plaintiff

71. In spring 2018, Board initially employed LORENZO PORTES to work as porter, to replace the 20-year tenured porter, Jamie. Jaime was oddly battered by strangers. When Jamie returned to work, after six weeks, Board terminated the employment of then superintendent Scott Anderson, which was greatly unpopular. Board quickly promoted Mr. PORTES to superintendent.

72. Upon Mr. PORTES employment, he was immediately condescending to Plaintiff, "who are you", "what do you want", "can't you see, I'm busy", "ask management", "I don't know you", etc. Mr. PORTES immediately denied Plaintiff access of storage room to retrieve property. Board authorized, condone and instructed Mr. PORTES to violate Plaintiff's quiet enjoyment.

73. In the July 2018, Plaintiff contacted and informed TRC of Mr. PORTES conduct and failure to allow access to storage area. TRC allege that improvement would be made.

74. In December 2018, Plaintiff sent TRC notice that Mr. PORTES violated his quiet enjoyment and cease to interact with Mr. PORTES.

75. ANGIE VAZQUEZ threatened fines and eviction in of disregarded Plaintiff's grievances. Ms. VAZQUEZ demanded further interaction between Plaintiff and Mr. PORTES.

76. In January 2019, Ms. VAZQUEZ declared that several leaks emanated from Premises down to ANGELA RIBAUDO apartment, including Plaintiff's air condition.

77.     In February 2019, Ms. VAZQUEZ forced Mr. PORTES to enter Premise to annoy and harass Plaintiff.

78.     In late March 2019, Mr. PORTES intentionally trimmed the trees above Plaintiff's wife's vehicle to probably cause damage. When observed, Plaintiff demanded Mr. PORTES cease, and he refused. A heated argument ensued, but Mr. PORTES continued the trim of branches.

79.     In April 2019, Ms. VAZQUEZ called Plaintiff about incident and immediately made accusations against Plaintiff and ignored all Plaintiff's grievances implied and previously reported against Mr. PORTES. Ms. VAZQUEZ sent Plaintiff an objectionable conduct notice.

80.     In April 2019, Plaintiff hired attorney hired Emanuela Lupa, from then Spolzino Smith Buss & Jacobs LLP, to retrieve the moneys Chase paid to 99 RAO for disputed fines. Attorney confirmed that Board committed fraud against Plaintiff.

81.     Between April 2019 and June 2019, Plaintiff wrote several letters to shareholders, informing and condemning Board's action for the need to remove board members.

**JOSEPH CUTRONE; MARTIN FEINMAN; ANGELA RIBAUDO; CYNTHIA BAPTISTE; and MITCHELL BATTS Retaliated <u>Against Plaintiff Freedom of Speech Rights</u>**

82.     On June 14, 2019, Board aided by SCHNEIDER BUCHEL LLP and MARK SCHNEIDER ESQ sent Plaintiff notice of objectionable conduct, alleging Plaintiff's accusations that Board and Mr. TOPPER, ESQ. fines being fraud were falsely accused and breached the lease and house rules.

83.     The claims alleged in the objectionable conduct notice was Board's action to obstruct justice, exploit its authority and to accelerate its fraudulent scheme and self-dealings.

84.     At the June 18, 2021 semi-annual meeting, Plaintiff attempted to expose the Chase fraud and the fraudulent fines but shareholders did not enjoin.

85.     In November 2021, Board aided by SCHNEIDER BUCHEL LLP and MARK
SCHNEIDER ESQ sent Plaintiff a second notice of objectionable conduct, alleging that Plaintiff's
communication was in breach of lease and house rules at the shareholders meeting.  The notice
also scheduled the Special meeting to remove Plaintiff and his family.

86.     On December 10, 2019, at the Special Meeting, MARK SCHNEIDER ESQ
conducted the meeting in its entirety like a prosecution.  Plaintiff received no opportunity to set
forth agenda and demand answers.  JOSEPH CUTRONE; MARTIN FEINMAN; ANGELA
RIBAUDO; BENJAMIN MELENDEZ; CYNTHIA BAPTISTE; TIFFANY ISREAL; and ERIC
HARNISEN voted to terminate Plaintiff's lease for his opinions of Board.

87.     SCHNEIDER BUCHEL LLP and TRC sent notice for Plaintiff to vacate Premises.
Plaintiff and family holdover to await court proceedings.

**Board, TRC and MR. PORTES Engage in Heinous Wrongful Eviction Actions**

88.     Between March 2020 and October 2022, JOSEPH CUTRONE; MARTIN
FEINMAN; ANGELA RIBAUDO; BENJAMIN MELENDEZ; CYNTHIA BAPTISTE;
TIFFANY ISREAL; ERIC HARNISEN; LORENZO PORTES; BRIAN TOPPER; ESQ.; ANGIE
VASQUEZ; DAVE SOREN; MARK SCHNEIDER ESQ.; RYAN HERSH, ESQ.; and THOMAS
A. BIZZARO, JR. ESQ.; engaged, participated and condone in the wrongful eviction actions
against

89.     Plaintiff's water was reduced by seventy percent, with frequent shut offs without
warnings. Board, TRC and SCHNEIDER BUCHEL LLP ignored all Plaintiff's grievances.

90.     Plaintiff's vehicles were frequently damage, with scratches, dents, paint removal,
and chemical contamination. Board and TRC ignored Plaintiff's demands for video surveillance.

91.     In that period Mr. PORTES called Plaintiff, "nigger", monkey" and "ugly" unless Plaintiff was recording.  Board, TRC and SCHNEIDER BUCHEL LLP ignored all Plaintiff's grievances.

92.     Damages continued to worsen in Premises, as Plaintiff was denied repairs from 2015.  Board, TRC and SCHNEIDER BUCHEL LLP ignored all Plaintiff's grievances.

93.     In October 2022, TOPPER REALTY; TRC; MARILYN TOPPER; BRIAN TOPPER; ESQ.; ANGIE VASQUEZ; DAVE SOREN; and LORENZO PORTES abruptly departed, without written cause.

94.     The building artificially became infected with roaches, where no roach was seen prior to 2020.

95.     From November 2022 to present, EINSIDLER is the property managing company of 99 RAOC, and RICHARD SHYMAN and JOHN HANSEN are the property managing agents for 99 RAOC.

96.     Mr. SHYMAN and Mr. HANSEN managed, controlled and profited same manner and actions that TRC engaged in.

97.     Plaintiff and family experience the same deficiency in utilities, denial of repairs, damages to vehicles, increase in roaches with EINSIDLER, Mr. SHYMAN and Mr. HANSEN.

**All Defendants had a Fiduciary Duty to Preform Properly Under Governing Documents**

98.     Under the governing documents, 99 RAO had a duty to Plaintiff, and JOSEPH CUTRONE; MARTIN FEINMAN; ANGELA RIBAUDO; BENJAMIN MELENDEZ; CYNTHIA BAPTISTE; TIFFANY ISREAL; ERIC HARNISEN; MITCHELL BATTS, TOPPER REALTY; TRC; MARILYN TOPPER; BRIAN TOPPER; ESQ.; ANGIE VASQUEZ; DAVE

SOREN; EINSIDLER; RICHARD SHYMAN; and JOHN HANSEN to engage in conduct and actions not authorized by the proprietary lease agreement "lease" nor bylaws.

## VIOLATIONS AND CLAIMS ALLEGED
### COUNT I
### RETALIATION AGAINST PLANTIFF FOR EXERCISING FREEDOM OF SPEECH IN VIOLATION OF
### FIRST AMENDMENT RIGHTS

99.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraph, as if fully set forth herein.

100.    Plaintiff alleges that he exercised his freedom of speech in regard his opinions about defendants JOSEPH CUTRONE; MARTIN FEINMAN; ANGELA RIBAUDO; BENJAMIN MELENDEZ; CYNTHIA BAPTISTE; TIFFANY ISREAL; ERIC HARNISEN; MITCHELL BATTS, TOPPER REALTY; TRC; MARILYN TOPPER; BRIAN TOPPER; ESQ.; and ANGIE VASQUEZ.

101.    Plaintiff alleges that JOSEPH CUTRONE; MARTIN FEINMAN; ANGELA RIBAUDO; BENJAMIN MELENDEZ; CYNTHIA BAPTISTE; TIFFANY ISREAL; ERIC HARNISEN; MITCHELL BATTS, TOPPER REALTY; TRC; MARILYN TOPPER; BRIAN TOPPER; ESQ.; and ANGIE VASQUEZ violated Plaintiff's First Amendment rights by executing retaliatory termination of lease and personal property, damage to personal property against him for his exercising his freedom of speech.

102.    Plaintiff alleges that Defendants JOSEPH CUTRONE; MARTIN FEINMAN; ANGELA RIBAUDO; BENJAMIN MELENDEZ; CYNTHIA BAPTISTE; TIFFANY ISREAL; ERIC HARNISEN; MITCHELL BATTS, TOPPER REALTY; TRC; MARILYN TOPPER; BRIAN TOPPER; ESQ.; and ANGIE VASQUEZ's actions caused him to sustain significant

mental distress, compensatory and economic damages past, present and future, in an amount to be determined at trial.

**COUNT II**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C § 1983**

103.    Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraph, as if fully set forth herein.

104.    Plaintiff alleges that Plaintiff and family had a constitutional, statutory and contractual right to reside and exist in the Premises free of hateful tone and/or violence.

105.    Plaintiff alleges that Defendant JOSEPH CUTRONE; MARTIN FEINMAN; ANGELA RIBAUDO; BENJAMIN MELENDEZ; CYNTHIA BAPTISTE; TIFFANY ISREAL; ERIC HARNISEN; MITCHELL BATTS, LORENZO PORTES; TLC; MARILYN TOPPER; BRIAN TOPPER, ESQ.; ANGIE VASQUEZ; DAVE SOREN; SCHNEIDER BUCHEL LLP; MARK SCHNEIDER, ESQ.; RYAN HERSH, ESQ.; THOMAS A. BIZZARO JR., ESQ.; JOSEPH RANDANO, ESQ.; EINSIDLER MANAGEMENT, INC.; RICHARD SHYMAN; and JOHN HANSEN engaged in a pattern and practice of racial discrimination against him with respect to the terms, conditions and privileges of residency due to his race at that time.

106.    Plaintiff alleges that he sent agents of Defendant JOSEPH CUTRONE; MARTIN FEINMAN; ANGELA RIBAUDO; BENJAMIN MELENDEZ; CYNTHIA BAPTISTE; TIFFANY ISREAL; ERIC HARNISEN; MITCHELL BATTS, LORENZO PORTES; TLC; MARILYN TOPPER; BRIAN TOPPER, ESQ.; ANGIE VASQUEZ; DAVE SOREN; SCHNEIDER BUCHEL LLP; MARK SCHNEIDER, ESQ.; RYAN HERSH, ESQ.; THOMAS A. BIZZARO JR., ESQ.; JOSEPH RANDANO, ESQ.; EINSIDLER MANAGEMENT, INC.;

RICHARD SHYMAN; and JOHN HANSEN several grievances about the racial discrimination in the cooperative.

107.    Plaintiff alleges that Defendants discriminatory actions against his race led to his eviction.

108.    Plaintiff alleges that the acts by Defendants JOSEPH CUTRONE; MARTIN FEINMAN; ANGELA RIBAUDO; BENJAMIN MELENDEZ; CYNTHIA BAPTISTE; TIFFANY ISREAL; ERIC HARNISEN; MITCHELL BATTS, LORENZO PORTES; TLC; MARILYN TOPPER; BRIAN TOPPER, ESQ.; ANGIE VASQUEZ; DAVE SOREN; SCHNEIDER BUCHEL LLP; MARK SCHNEIDER, ESQ.; RYAN HERSH, ESQ.; THOMAS A. BIZZARO JR., ESQ.; JOSEPH RANDANO, ESQ.; EINSIDLER MANAGEMENT, INC.; RICHARD SHYMAN; and JOHN HANSEN racial discrimination caused him to sustain significant physical, psychological reputational, and economic damages, in an amount to be determined at trial.

## COUNT III
## FRAUD
## IN VIOLATION OF
## CPLR § 3016(b)

109.    Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraph, as if fully set forth herein.

110.    Plaintiff alleges that Plaintiff had a constitutional, statutory and contractual right to free from misrepresentation, fraud.

111.    Plaintiff alleges that Defendant JOSEPH CUTRONE; MARTIN FEINMAN; ANGELA RIBAUDO; BENJAMIN MELENDEZ; CYNTHIA BAPTISTE; TIFFANY ISREAL; ERIC HARNISEN; MITCHELL BATTS, LORENZO PORTES; TLC; MARILYN TOPPER; BRIAN TOPPER, ESQ.; ANGIE VASQUEZ; DAVE SOREN; SCHNEIDER BUCHEL LLP;

18

MARK SCHNEIDER, ESQ.; RYAN HERSH, ESQ.; THOMAS A. BIZZARO JR., ESQ.; JOSEPH RANDANO, ESQ.; EINSIDLER MANAGEMENT, INC.; RICHARD SHYMAN; and JOHN HANSEN engaged in a pattern and practice of intentional deception, misrepresentation and fraud against him and others.

112.    Plaintiff alleges that Defendants JOSEPH CUTRONE; MARTIN FEINMAN; ANGELA RIBAUDO; BENJAMIN MELENDEZ; CYNTHIA BAPTISTE; TIFFANY ISREAL; ERIC HARNISEN; MITCHELL BATTS, TOPPER REALTY; TRC; MARILYN TOPPER; BRIAN TOPPER; ESQ.; and ANGIE VASQUEZ's actions caused him to sustain significant mental distress, compensatory and economic damages past, present and future, in an amount to be determined at trial.

## **JURY DEMANDED**

113.    Plaintiff hereby demands a trial by Jury.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff demands compensatory and punitive damages from Defendants THE CITY OF NEW YORK; LYNELLE MAGINLEY-LIDDIE; LOUIS A. MOLINA; SOLANGE GREY; ELIZABETH LUNDI; ANTOINETTE CORT; ELYN RIVERA; GEORGE GUSTUVE; NAHEIM STOKES; and DYMITA HARPER including for such other and further statutory remedies, both legal and equitable, interests, costs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  Glen Cove, New York
August 16, 2024

Respectfully submitted,

Emanuel Strong
74 Cedar Swamp Road #1
Glen Cove, NY 11542
(516)263-8443